## IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

TROY A. SMOCKS, Register No. 110888,    )
    )
                Plaintiff,    )
    )
              v.    )        No. 09-4153-CV-C-SOW
    )
MISSOURI COLE COUNTY, et al.,    )
    )
              Defendants.    )

### REPORT, RECOMMENDATION AND ORDER

Plaintiff Troy A. Smocks, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]  Named as defendants are Cole County, Missouri; Judges Richard Callahan and Patricia Joyce, and Circuit Clerk Brenda Umstattd.

Plaintiff claims he filed habeas corpus petitions with the proper fee with the Circuit Clerk and they were "arbitrarily denied without meaningful judicial process or procedures."

Based on his inmate account information, plaintiff has been granted provisional leave to proceed without prepaying the filing fee and costs, subject to modification pursuant to the screening process required by 28 U.S.C. §§ 1915 and 1915A.  Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).  Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a).  The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff's claims against Cole County, Missouri, should be dismissed. Local governmental units, such as a city or county, are included among those to which section 1983 applies. Monell v. Department of Soc. Serv. of City of N.Y., 436 U.S. 658, 690 (1978). However, liability of a municipality under section 1983 cannot be premised merely on the fact that it employs a tort-feasor or tort-feasors; in other words, section 1983 liability against a local government unit cannot be based upon a respondeat superior theory. Id. at 691. In order to establish liability of a municipality under Monell, the plaintiff must establish that "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." Id. at 694. See also St. Louis v. Praprotnik, 485 U.S. 112 (1988); Jett v. Dallas Indep. School Dist., 491 U.S. 701 (1989). Thus, plaintiff must allege facts indicating that the municipal defendants were acting pursuant to official municipal policy in order to state a claim under section 1983 against the municipality.

Plaintiff's claims against Judges Richard Callahan and Patricia Joyce should also be dismissed. Individual judges are immune from civil suit when acting within their judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Patten v. Glaser, 771 F.2d 1178, 1179 (8th Cir. 1985) (per curiam) and Alabama v. Pugh, 438 U.S. 781, 782 (1978).

Likewise, plaintiff's claims against Circuit Clerk Brenda Umstattd should be dismissed. "Clerks of court 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction.'" Rogers v. Bruntrager, 841 F.2d 853, 856) (8th Cir. 1988).

Plaintiff's complaint should be dismissed because he has failed to state a claim under 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

On September 2, 2009, plaintiff filed a motion to amend his complaint. A party is permitted to amend his complaint once, as a matter of course, any time before a responsive pleading is served. Fed. R. Civ. P. 15. No responsive pleading has been filed in this case.

On August 3, 2009, plaintiff filed a motion for expedited service of process. Based on the foregoing, it is

2

ORDERED that plaintiff's motion for expedited service of process is denied. [4] It is further

ORDERED that plaintiff's motion to amend his complaint is granted. [11] It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 15ᵗʰ day of September, 2009, at Jefferson City, Missouri.


/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3