IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

TROY A. SMOCKS, Register No. 110888,    )
                                        )
                    Plaintiff,          )
                                        )
            v.                          )       No. 09-4153-CV-C-SOW
                                        )
MISSOURI COLE COUNTY, et al.,           )
                                        )
                    Defendants.         )

## ORDER

On September 15, 2009, United States Magistrate Judge William A. Knox recommended dismissing plaintiff's claims. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions and amended complaint filed by plaintiff on September 22, 2009, and other documents filed on September 30 and October 16, 2009. The issues raised in plaintiff's filings were adequately addressed in the report and recommendation.

Plaintiff's attempt to assert his claims under the provisions of RICO, 18 U.S.C. § 1964(c), is also without merit.

Further, plaintiff's claims regarding his filing fee monies paid to state court and claims challenging the state's processing of his habeas petition are claims from which this court must abstain. It is a well-established policy that the federal courts should abstain from meddling in litigation pending in the state courts. See Burford v. Sun Oil Co., 319 U.S. 315, 332 (1943). The court may abstain when there is a pending state court proceeding involving the same subject matter. Amdur v. Lizars, 372 F.2d 103 (4th Cir. 1967); Annotation, Stay of Action in Federal Court Until Determination of Similar Action Pending in State Court, 5 A.L.R. Fed. 10 (1967). This is also true

when a state has a strong interest and competence in dealing with the subject, 17A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2d § 4247 (1988), such as state criminal, administrative and family law matters. Ankenbrandt v. Richards, 504 U.S. 689 (1992). See also Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994) (federal courts generally abstain from exercising jurisdiction when a cause of action closely relates to an action for divorce, alimony or child custody); Ronwin v. Dunham, 818 F.2d 675 (8th Cir. 1987). This is known as the abstention doctrine and is followed in the federal court system today. See also Younger v. Harris, 401 U.S. 37, 46 (1971).

To the extent plaintiff seeks review of his habeas petition, he can file a federal habeas petition after he has exhausted his state court remedies.

Finally, plaintiff's dispute as to his filing fee monies are property claims and should be brought in state court. Plaintiff, in essence, alleges state employees violated his due process rights under the Fourteenth Amendment when they took his property. Generally, if a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of due process. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not actionable under section 1983 if suitable state remedy); Parratt v. Taylor, 451 U.S. 527, 542 (1981).

Missouri provides adequate remedies to redress property damages. Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990). Plaintiffs can sue in circuit court for replevin under Mo. S. Ct. R. 99.01 to 99.15, or they can bring a common-law claim for conversion. Hardesty v. Mr. Cribbin's Old House, Inc., 679 S.W.2d 343, 347 (Mo. App. 1984). See also Knight v. M.H. Siegfried Real Estate, Inc., 647 S.W.2d 811, 814 (Mo. App. 1982). Plaintiffs also can recover for losses caused by the tortious acts of state employees, acting in their ministerial capacities. See Harris v. Munoz, 43 S.W.3d 384 (Mo. App. 2001); Jungerman v. City of Raytown, 925 S.W.2d 202 (Mo. Banc 1996);

2

Jackson v. Wilson, 581 S.W.2d 39, 42-43 (Mo. App. 1979); Mo. Ann. Stat. § 105.711 (Supp. 2007).

Plaintiffs who lack funds may seek to file and prosecute their claims as poor persons under Mo. Ann. Stat. § 514.040 (West 2002). This statute gives state judges the discretion to waive costs and fees for indigent parties. Thus, plaintiff may be able to obtain relief in state court even if he lacks funds.

The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of September 15, 2009, is adopted. [13] It is further

ORDERED that plaintiff's claims are dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted. It is further

ORDERED that plaintiff's motion to amend by interlineation is denied as moot. [17]


       /s/ Scott O. Wright
       SCOTT O. WRIGHT
       Senior United States District Judge


DATED: December 11, 2009

3